UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Carol L. Hall,** | ) | C/A No. 3:06-3130-MJP-BM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| | ) | |
| Rufus E. Hall, | ) | |
| | ) | |
| Defendant. | ) | |

This is a civil action filed *pro se.* Plaintiff has also filed an Application to Proceed *In Forma Pauperis* in this case, which has been granted, and the case has been referred to the undersigned for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

In the Complaint filed in this case, Plaintiff asks this Court to "review" the judgment in a Richland County (5th Judicial District) Family Court matter involving child custody. Case no.: 03DR403243. She indicates in brief, somewhat disjointed language, that "notice and opportunity to be heard" was not given and that the state family court judgment "improperly removed the children from the physical custody of the person entitled to custody [and] has improperly retained the children." Plaintiff also claims that this judgment apparently resulted in "illegal endangerment and removal of custodial children without appropriate qualifications" and that it is "in violation of other provisions of a custody decrees." Finally, Plaintiff concludes her statement of claim with the words "untrue statements" and "violation of rights." Plaintiff does not say what "rights" she refers to, nor does she say who the "custodial parent" is/was. She does not request damages or any other form of relief is that the person named as the Defendant: "Rufus Hall." Rather, her only request for relief is that this Court "Review...these matters." (Entry 1, Complaint, at 5. ).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case pursuant to 28 U.S.C. § 1915 (as amended), other provisions in



the Prison Litigation Reform Act, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); *see* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Even under this less stringent standard, however, the Complaint filed in this case is still subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

This case is subject to summary dismissal because this Court is without jurisdiction to provide the only relief requested: review of the Richland County Family Court judgment. The proceedings and rulings made in the Richland County Family Court cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See* District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)( a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.).[1] *See also* Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This prohibition on review

---

[1]Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see* Ernst v. Child and Youth Servs., 108 F.3d 486, 491(3d Cir. 1997) . In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors.



2

of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine or the Feldman-Rooker doctrine.  *See*, *e.g.*, Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005);  Davani v. Va. Dep't of Transport., 434 F.3d 712 (4th Cir. 2006);  Ivy Club v. Edwards, 943 F.2d 270, 284 (3d Cir. 1991).

The Rooker-Feldman Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as Plaintiff might be attempting to raise in this case through some of her sentence fragments, such as: "notice and opportunity to be heard" and "violation of rights."  *See* Arthur v. Supreme Court of Iowa, 709 F. Supp. 157, 160 (S.D. Iowa 1989).  The doctrine also applies even if the state court litigation has not reached a state's highest court, such as the South Carolina Supreme Court, which would be the logical place for Plaintiff to file an appeal from a Family Court judgment.  SCACR 203(b)(3); *see* Worldwide Church of God v. McNair, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); Robart Wood & Wire Prods. v. Namaco Indus., 797 F.2d 176, 178 (4th Cir. 1986). Because the Rooker-Feldman Doctrine is jurisdictional it may be raised by the Court *sua sponte*.

Plaintiff's submission of the Complaint in this case, seeking "review of these matters" by this Court, clearly indicates that she wants this Court to review the proceedings that took place before the Richand County Family Court.  As stated above, this is not something that this Court can do.  *See* Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also* Hagerty v. Succession of Clement, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases); Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir. 1981); Kansas Ass'n of Public Employees v. Kansas, 737 F. Supp. 1153, 1154 (D. Kan. 1990); Fuller v. Harding, 699 F. Supp. 64, 66-67 (E.D. Pa. 1988).  Even if we were to liberally construe Plaintiff's barebones pleading as stating that the Family Court judgment violated one or

---

*E.g.*,  Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).



3

more of Plaintiff's federal constitutional rights, to rule in favor of Plaintiff on such a claim would, necessarily, require this Court to overrule (or otherwise find invalid) various orders and rulings made in the Richland County Family Court. Such a result is prohibited under the Rooker-Feldman Doctrine. Davani, 434 F.3d at 719-20; *see* Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. at 293-94.

### RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

January 8, 2007
Columbia, South Carolina



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

